NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-2212, 09-3961
_____

RAYMOND KING; SANDRA COATES, ON BEHALF
OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

v.

ADVANCE AMERICA, CASH ADVANCE CENTERS OF
PENNSYLVANIA, LLC, d/b/a NATIONAL CASH ADVANCE
d/b/a ADVANCE AMERICA, INC.

Advance America, Cash Advance Centers of Pennsylvania, LLC,
Appellant in 08-2212 & 09-3961

(E.D. Pa. No. 2-07-cv-00237)
_____

_____

Nos. 08-2213, 09-3962, 09-4070
_____

SHARLENE JOHNSON; HELENA LOVE; BONNY BLEACHER,
on behalf of themselves and all others similarly situated,
Appellants in 09-3962

v.

ADVANCE AMERICA, CASH ADVANCE CENTERS, INC.;
ADVANCE AMERICA, CASH ADVANCE CENTERS OF
PENNSYLVANIA, LLC; NCAS OF DELAWARE, LLC,

Advance America, Cash Advance Centers, Inc.;
Advance America, Cash Advance Centers of Pennsylvania, LLC;
NCAS of Delaware, LLC,
Appellants in 08-2213 and 09-4070

Sharlene Johnson, Helena Love, Bonny Bleacher,
Appellant in 09-3962

(E.D. Pa. No. 2-07-cv-03142)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Hon. John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2011

Before: JORDAN, GREENAWAY, JR., and STAPLETON, *Circuit Judges*.

(Filed: February 28, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Before us are the appeals of Advance America, Cash Advance Centers, Inc.; Advance America, Cash Advance Centers of Pennsylvania, LLC; and NCAS of Delaware, LLC (collectively "Advance America") in two actions consolidated for purposes of appeal. Advance America challenges the January 2, 2008 orders of the United States District Court for the Eastern District of Pennsylvania directing that the claims in the two actions be submitted "to arbitration on an individual basis, unless the arbitrator determines otherwise." (App. in No. 08-2122 ["King App."] at 4; App. in No. 08-2123 ["Johnson App."] at 2.) As explained herein, those orders conflict with our recent decision in *Puleo v. Chase Bank USA*, 605 F.3d 172 (3d Cir. 2010), and,

2

consequently, we will vacate both orders and remand the cases to the District Court for further proceedings.

## I. Background

Named Plaintiffs Raymond King and Sandra Coates (the "King Plaintiffs") and Sharlene Johnson, Helena Love, and Bonny Bleacher (the "Johnson Plaintiffs"; collectively, with the King Plaintiffs, the "Plaintiffs"), filed two separate class action complaints against Advance America on January 18, 2007 and August 1, 2007, respectively. The complaints were filed on behalf of Plaintiffs and others who had obtained loans from Advance America under terms that Plaintiffs alleged violated Pennsylvania usury and consumer protection laws. Although the loan agreements signed by each Plaintiff contained binding arbitration and class action waiver provisions, Plaintiffs asserted that they were entitled to pursue class-wide relief in court because the arbitration and class action waiver provisions are unconscionable under Pennsylvania law.

Advance America contested Plaintiffs' assertions that the arbitration and class action waiver provisions are unconscionable and moved to stay the District Court proceedings pending individual arbitration. On January 2, 2008, the District Court granted both motions, ordering the actions "stayed pending arbitration" to proceed "on an individual basis, unless the arbitrator determines otherwise." In so ordering, the Court cited *Gay v. CreditInform*, 511 F.3d 369, 395 (3d Cir. 2007), in which we suggested that

Pennsylvania case law holding class action waivers unconscionable was preempted by the Federal Arbitration Act ("FAA").[1]

On April 23, 2008, Advance America filed notices of appeal regarding the January 2, 2008 orders.[2] In its notices of appeal, Advance America asserted that although the January 2, 2008 orders "purport[ed] to grant [Advance America's] motion[s] to compel individual arbitration," they "effectively den[ied] said motion[s] by failing to enforce the arbitration agreement in accordance with its terms and the law of this Circuit including *Gay v. CreditInform*." (King App. at 1; Johnson App. at 4.) The basis for that assertion was that the phrase "unless the arbitrator determines otherwise" opened the door for the arbitrator to decide whether the class action waiver was unconscionable under Pennsylvania law, whereas *Gay* had already deemed Pennsylvania's law to be preempted by the FAA.[3]

---

[1] In our subsequent decision in *Homa v. Am. Express Co.*, 558 F.3d 225, 229 (3d Cir. 2009), we stated that *Gay's* discussion of FAA preemption of Pennsylvania law "appears to be dicta," and we reaffirmed that view in our en banc *Puleo* decision, stating that "*Gay's* discussion of Pennsylvania law was indeed dicta." 605 F.3d at 177 n.2.

[2] Advance America had also filed two motions for clarification of the January 2, 2008 orders, which the District Court denied. The notices of appeal also encompassed the denial of those orders.

[3] After Advance America filed its appeal, this Court asked the parties to submit briefing on whether the appeals should be dismissed for lack of appellate jurisdiction over the District Court's interlocutory orders. Subsequently, on May 5, 2008, the District Court entered orders certifying interlocutory appeals, and on September 15, 2009, this Court granted petitions in both cases for permission to appeal. While the jurisdictional question regarding the direct appeals has not yet been resolved, our allowance of the interlocutory appeals effectively moots the direct appeals and, therefore, we do not address the jurisdictional question.

On September 15, 2009, we stayed the appeals pending the United States Supreme Court's decision in *Stolt-Nielsen S.A. v. AnimalFeeds Corp.*, 130 S.Ct. 1758 (2010). During that stay, this Court issued its opinion in *Puleo*, wherein we held that the validity of a class action waiver must be determined by the court, not an arbitrator. 605 F.3d at 182-83. In light of *Puleo*, the Plaintiffs acknowledged that the District Court had erred by allowing an arbitrator to determine the validity of the class action waivers, and, on May 17, 2010, moved for summary vacatur of the District Court's orders and for remand to the District Court.

On May 28, 2010, we lifted the stays[4] and now consider the appeals.

## II.    Standard of Review

We review de novo a district court's determination of the "applicability and scope of an arbitration agreement". *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009) (internal quotation marks and citation omitted).

## III.    Discussion[5]

Although all parties agree that the District Court's January 2, 2008 orders erroneously allowed the question of the class action waivers' validity to be decided by an arbitrator, the parties do not agree on the appropriate remedy. Plaintiffs argue that the orders should be vacated and the cases remanded for the District Court to consider the validity of the class action waivers. Advance America argues that the District Court has

---

[4] *Stolt-Nielsen* had been decided on April 27, 2010.

[5] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and we have jurisdiction over the interlocutory appeals pursuant to 28 U.S.C. § 1292(b).

5

already held that the class action waivers are valid and that there is no need to remand.  It argues that we need only strike the phrase "unless the arbitrator determines otherwise" from the orders and should enforce the remaining portions stating that "arbitration shall proceed on an individual basis."

The Plaintiffs have the better of this particular dispute.  First, we do not view the District Court as having held that the class action waivers are valid, because, if it had, there would have been no reason for the Court to have left that question open for the arbitrator.  Rather, we view the District Court's order as acknowledging that, under *Gay*, the class action waivers could be valid, but then leaving it to the arbitrator to actually decide that issue.  Second, to the extent the District Court relied on *Gay*, it relied on language that has since been deemed dicta by *Homa* and *Puleo*.  *See supra* note 1.  Consequently, even if the District Court had held that the class action waivers were valid, vacating the orders would be warranted in light of our more recent decisions.  Accordingly, we will vacate the District Court's orders and remand for consideration of the validity of the class action waivers.[6]

---

[6] Advance America has also moved to hold these appeals in abeyance pending the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, for which certiorari was granted on May 24, 2010.  130 S.Ct. 3322 (2010) (No. 09-893).  While we recognize that the decision in *AT&T* may influence the determination of the class action waivers' validity, we are not confronted with that question.  Rather, the only question we are deciding today is who gets to determine the waivers' validity – the District Court or the arbitrator – and that question has been unambiguously answered by *Puleo*.  Consequently, no stay of these appeals is warranted.  On remand, however, the District Court will have to decide the validity of the class action waivers and would be well justified in considering a stay of the proceedings pending the decision in *AT&T*.  However, we leave that decision to the District Court.

**IV.** **Conclusion**

For the foregoing reasons we will vacate the District Court's January 2, 2008 orders and remand to the District Court for a determination of the validity of the class action waivers.[7]

---

[7] As discussed earlier *supra* note 3, Advance America's direct appeals are moot in light of our allowance of the interlocutory appeals, and, therefore, we will also dismiss the direct appeals. Likewise, we will deny the Plaintiffs' motions for summary vacatur as moot.